

FILED
DEC 28 2011
PATRICK E. DUFFY, CLERK
By_____
  DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| CHAD L. DEARDORFF, | ) | CV 11-32-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, DR. COHUT, DR. PERANIAN, and DR. JANE DOE, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Deardorff has filed an Amended Complaint under 42 U.S.C. § 1983 alleging that the Defendants, the warden of Montana State Prison and doctors on the prison's medical staff, violated Deardorff's Eighth Amendment rights by failing to properly respond to and treat a fracture to the C-6 vertebrae suffered while Deardorff was working at the prison.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends dismissal of the Amended Complaint with prejudice for failure to state a claim upon which relief can be granted. Judge Strong explained that a difference of opinion between doctors does not give rise to § 1983 liability, nor is it enough to allege that doctors made an incorrect diagnosis or otherwise committed medical malpractice. Judge Strong noted that according to Deardorff's own allegations, he was seen repeatedly by medical staff, was taken to an outside medical facility for testing, was referred to a mental health specialist, and was prescribed medication. Based on those allegations Judge Strong concluded that the level of treatment Deardorff received, even if his allegation that the treatment was negligent is assumed to be true, does not demonstrate deliberate indifference because it shows a continuing effort by prison medical personnel to attempt to treat Deardorff's medical condition. On that basis, Judge Strong recommends that the Amended Complaint be dismissed.

Deardorff timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). In his objections Deardorff focuses primarily on the allegation that the neck stabilizer he received at Powell County Memorial Hospital was confiscated upon his return to the prison and not returned to him. In his objections, Deardorff contends he has a valid Eighth Amendment claim because the confiscation of his neck stabilizer constituted intentional interference by prison officials with his medical treatment done for no reason other than to inflict pain, citing Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000), and Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir. 2002).

Deardorff's objections are not supported by the allegations in the Amended Complaint. There he alleges that the neck stabilizer was removed "for security inspection," and that he was then returned to his cell (without the stabilizer) because the medical unit was preparing for an incoming emergency. Amended Complaint (Doc. No. 13) at 7. Deardorff also alleges that "medical personnel[]" were involved in the removal of neck stabilizer and that Dr. Cohut approved the removal and confiscation of the stabilizer. Id. at 11-12. These allegations undermine Plaintiff Deardorff's theories because they show that the confiscation of the neck stabilizer was not done for the sole purpose of inflicting pain, but rather was done as a security measure and with the approval of Deardorff's treating doctor. There is no allegation that prison officials intentionally interfered

with medical treatment because the stabilizer was removed for security reasons and was not deemed necessary by Dr. Cohut.

After having received an opportunity to amend his original Complaint to include additional factual allegations, Plaintiff Deardorff has alleged that he suffered an injury, that prison medical personnel made repeated attempts to address the injury (albeit in a manner that Deardorff finds inadequate), and that prison doctors disagreed with outside medical doctors about the necessity of the neck stabilizer. These allegations do not rise to the level necessary to support a claim for deliberate indifference under the Eighth Amendment.

Upon de novo review, I agree with Judge Strong's Findings and Recommendations (Doc. No. 16) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.

IT IS FURTHER ORDERED:

The Clerk of Court shall have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff has failed to state a claim upon which relief may be granted;

The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure; and

The Clerk of Court shall have the docket reflect that the Court certifies

pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Amended Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this _____ day of _____ 2011.

Donald W. Molloy, District Judge
United States District Court